UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

CITY OF WARREN et. al.,

    Defendants.

Case No. 24-12617
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND SUMMARILY DISMISSING COMPLAINT [1]**

LaTausha Simmons filed this *pro se* complaint after Magistrate Judge Elizabeth A. Stafford denied her motion for leave to amend her complaint in a nearly identical case. *See Simmons v. Warren*, No. 19-11531 (E.D. Mich. May 24, 2019), ECF No. 1. Both cases allege constitutional violations occurred during Simmons' 2016 arrest and subsequent incarceration. The complaint raises many of the same claims that are still pending in the timely filed 2019 case. And the new claims it seeks to raise are time-barred. So this case will be dismissed.

I.

Along with her complaint, Simmons filed a motion to proceed without prepayment of the filing fee. (ECF No. 2.) The Court may authorize commencement of an action without prepayment of the filing fee and costs if the plaintiff demonstrates she cannot pay such fees. 28 U.S.C. § 1915(a)(1). Simmons alleges she

has no source of income and no savings. (ECF No. 2, PageID.53–54.) So the Court grants her application to proceed *in forma pauperis*.

## II.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

To decide whether a complaint states a claim upon which relief may be granted, courts "apply the familiar standards of Rule 12(b)(6)." *Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019) (citing Fed. R. Civ. Pro. 12(b)(6)). A complaint must contain sufficient factual allegations that, if assumed true and viewed in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and "permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679.

"If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). And a federal court has the discretion to raise the

statute of limitations issue *sua sponte* while screening a complaint. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### III.

Here, the face of the complaint makes clear that all of Simmons' claims are time-barred.

The statute of limitations for § 1983 cases derives from the statute of limitations for personal injury cases in the state where the case arises. *Wilson v. Garcia*, 471 U.S. 261, 272 (1985). The statute of limitations for § 1983 claims in Michigan is three years. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016). So for Simmons' claims to be timely, they would have to have accrued on or after October 4, 2021—three years before she filed this complaint.

But all of Simmons' claims accrued before February of 2020. Her claims against Sullivan, Horlocker, Sciullo, Walson, and the City of Warren date back to 2016. (*See* ECF No. 1, PageID.4–10.)[1] And her claims against Wickersham, the City of Macomb, and the John Doe and Jane Doe defendants date back to 2019–2020. (*Id.* at PageID.12–13, 17, 19, 23, 26–27.)[2] What is more, the clock is still running on the John Doe and Jane Doe defendants. *See Rabdeau v. Oakland Cty.*, No. 19-10109, 2020 WL

---

[1] She claims they accrued later—at her trial in 2018. Even if that were the case, they would still be time-barred.

[2] The latest time period that Simmons cites is "December 31, 2020 through January 30, 2020." (*Id.* at PageID.13.) Even giving her the benefit of the doubt that she meant to say through January 30, 2021—though unlikely since she references December 2019 in every other instance—this would still be more than three years before she filed this complaint.

3

5064376, at *3 (E.D. Mich. Aug. 26, 2020) ("A civil action against a Doe defendant cannot commence until he or she has been identified and served.").

Additionally, many of these same claims are still pending in her previous case. In fact, several defendants just filed motions for summary judgment in that case. *See Simmons*, No. 19-11531, ECF Nos. 64–66. There is no need to determine whether the statute of limitations as to these defendants was tolled by the previous case, because the previous case is still ongoing and these exact claims are being litigated there.

## IV.

In conclusion, Simmons' application to proceed without prepayment of costs (ECF No. 2) is GRANTED and her complaint (ECF No. 1) is DISMISSED. A separate judgment will follow.

IT IS SO ORDERED.

Dated: October 15, 2024

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE